UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN FARBER and JOHN MAISEL, the personal representatives of the ESTATE OF RICHARD SEYMOUR,<br><br>Plaintiffs,<br><br>v.<br><br>ATHENA OF SC, LLC and TED DOUKAS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, Plaintiffs, Stephen Farber and John Maisel, the personal representatives of the Estate of Richard Seymour ("Plaintiffs"), by and through undersigned counsel, and sue Defendants, Athena of SC, LLC ("Athena") and Ted Doukas ("Mr. Doukas"), and for their cause of action against them respectfully state as follows:

### I. JURISDICTION AND VENUE

1. The United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides that the district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.

2. 28 U.S.C. § 1332(c)(2) states that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." The decedent, Richard Seymour, was a citizen of Tennessee at the time of this death. Therefore, the Estate of Richard Seymour has the citizenship of Tennessee.

3. For purposes of determining whether diversity jurisdiction exists, a limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732–33 (6th Cir. 2002)). Athena is a single member limited liability company. The sole member of Athena is Ted Doukas and Mr. Doukas is a citizen and resident of Collier County, Florida. Therefore, Athena has the citizenship of Florida. Athena can be served with process via service on its Registered Agent, Mark E. Brown, 9724 Kingston Pike, Ste. 505, Knoxville, Tennessee 37922-3347.

4. Defendant Mr. Doukas is a citizen and resident of Collier County, Florida. Mr. Doukas may be served with process at his residence at 4713 Villa Mare Lane, Naples, Florida 34103.

5. The parties here are citizens of different states, and, as determined by 28 U.S.C. § 1446(c), the amount in controversy in this case is greater than $75,000.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claim occurred in Anderson County, Tennessee and the real property that is the subject of this action is located in Anderson County, Tennessee and in the Northern Division of the Eastern District of Tennessee.

## II. FACTUAL INFORMATION

7. Prior to October 30, 2015, Nucsafe, Inc. ("Nucsafe") owned the real property and improvements located at or near 601 Oak Ridge Turnpike, Oak Ridge, Tennessee 37830 more specifically described as follows:

> Property situated in the Second Civil District of Anderson County, Tennessee, within the Corporate Limits of Oak Ridge, Tennessee and being all of the revised Parcel 505 as shown on "Resubdivision Plat, Parcel 505, Parcel 505.01 and Parcel 585.07 in Oak Ridge Block 18CG", which plat is pending recording in the office of the Register of

Deeds for Anderson County, Tennessee and being more fully described by metes and bounds as follows:

Beginning at an iron pin (found) at the intersection of the southerly right of way line for Oak Ridge Turnpike (Tennessee Highway 95) with the westerly right of way line for South Florida Avenue and Fairbanks Road at a point defined as being located at Oak Ridge Grid Position North = 39,040.83 and East = 73,518.99; Thence from said beginning, along the westerly right of way line for South Florida Avenue and Fairbanks Road, South 02deg 14 min 08sec West 264.37 feet to an iron pin (set) at a corner of the tract as herein described with revised Parcel 585.07 in Oak Ridge Block 18CG; Thence, with new severance lines of Parcel 585.07 in Oak Ridge Block 18CG as follows: 1.) South 74deg 22min 23sec West 190.91 to an iron pin (set); 2.) South 88deg 00min 24sec West 325.41 feet to an iron pin (set) at a corner of the tract as herein described with revised Parcel 585.07 in line of Parcel 585.121, Home Depot U.S.S., Inc. (1134/818), North 00deg 00 min 22sec East, passing a corner of Parcel 585.12 with Parcel 584.02 at 148.77 feet and continue on same line, being a line of Parcel 584.02 in Oak Ridge Block 18CG, being City of Oak Ridge, East End Fire Station for a total distance of 369.32 feet to an iron pin (found) at a corner of the street as herein described with Parcel 584.02 in the southerly right of way line for Oak Ridge Turnpike; Thence, with the southerly line of Oak Ridge Turnpike (Tennessee Highway 95) as follows: 1.) with an tangent, South 85deg 14 min 00 sec East 430.31 feet to an unmonumented point; 2.) with a curve to the left, along a radius of 4,593.50 feet for an arc length of 90.75 feet and having a chord of South 85deg 47min 58sec East 90.75 feet to the point of beginning. Containing 3.901 Acres (more or less).

Also conveyed herewith is a drainage easement acres revised Parcel 585.07 for drainage to Emies Creek begin generally as shown on the reference plat.

Property is subject to easements, conditions and restrictions as show on the referenced plat.

The above as shown on a map of survey by Lackey and Associates, Inc. of 214 Main Street, Oliver Springs, TN. 37840, dated June 08, 2007 and revised to February 08, 2008 and designated as Drawing Number 07-558-R5 with bearings being reference to Oak Ridge Grid North and position being reference to Oak Ridge Grid North. The referenced plat is pending recording in the Office of the Register of Deeds for Anderson County, Tennessee.

Property is Parcel 505 in Oak Ridge Black 18CG.

Property is part of Parcel 1, Group "B", on Anderson County Tax Map, control Map 100-B.

Property is the same property acquired by the Industrial Development Board of the City of Oak Ridge, Tennessee, a public nonprofit corporation organized under the laws of the State of Tennessee, from R and R Enterprises, a general partnership organized under the laws of the State of Tennessee under Quitclaim Deed recorded

6163509.1

in Record Book 1474 at page 1187 in the Office of the Register of Deeds for Anderson County, Tennessee.

BEING the same property conveyed by the Industrial Development Board of the City of Oak Ridge, Tennessee, a public nonprofit corporation organized under the laws of the State of Tennessee to NUCSAFE, Inc., a corporation organized under the laws of the State of Delaware by Quitclaim Deed dated the 9th day of April, 2013 and recorded in Book 1579, Page 2135 —2137 in the Register of Deeds for Anderson County, Tennessee.

(hereinafter the "Property").

8. On or about October 30, 2015, Richard Seymour and Nucsafe and Breton Equity Company Corp. ("Breton Equity Company") executed a Modified and Amended Promissory Note in favor of Richard Seymour in the principal amount of $1,748,198.26. A true and correct copy of the Modified and Amended Promissory Note is attached hereto as *Exhibit 1*.

9. On or about January 6, 2016, Nucsafe conveyed the Property to Athena despite not having satisfied the amounts owed to Richard Seymour pursuant to the Modified and Amended Promissory Note. A true and correct copy of the Quitclaim Deed conveying the Property from Nucsafe to Athena is attached hereto as *Exhibit 2.*

10. On or about February 26, 2016, Nucsafe and Breton Equity Company executed an Addendum/Modification to October 30, 2015 Agreement. A true and correct copy of the Addendum/Modification to October 30, 2015 Agreement is attached hereto as *Exhibit 3*.

11. On or about April 21, 2016, Nucsafe and Breton Equity Company executed a Second Addendum/Modification to October 30, 2015 Agreement. A true and correct copy of the Second Addendum/Modification to October 30, 2015 Agreement is attached hereto as *Exhibit 4*.

10. On or about September 2, 2016, Nucsafe and Breton Equity Company executed a Fourth Addendum/Modification to October 30, 2015 Agreement. A true and correct copy of the Fourth Addendum/Modification to October 30, 2015 Agreement is attached hereto as *Exhibit 5*.

12. On March 30, 2021, Richard Seymour filed suit against Nucsafe and Breton Equity Company in the Chancery Court for Anderson County, Tennessee for breach of the Modified and Amended Promissory Note and subsequent addendums/modifications.

13. Richard Seymour passed away on June 11, 2021. Subsequently, the personal representatives of Mr. Seymour's estate, Stephen Farber and John Maisel (collectively "Plaintiffs"), were substituted as parties in interest.

14. On March 16, 2022, the Chancery Court for Anderson County, Tennessee entered an Order Granting Plaintiffs' Motion for Summary Judgment. On March 28, 2022, the Chancery Court for Anderson County, Tennessee entered a Final Judgment in favor of Plaintiffs for $273,155.28 for damages and attorney's fees (hereinafter "Final Judgment"). The Final Judgment provided for the accrual of post-judgment interest, compounding annually. A true and correct copy of the Final Judgment is attached hereto as *Exhibit 6.*

15. On March 15, 2023, the Court of Appeals of Tennessee issued an Opinion affirming the trial court's Final Judgment in the amount of $273,155.28. A true and correct copy of the Opinion of the Court of Appeals of Tennessee in *Stephen Farber et al. v. Nucsafe Inc. at al.*; No. E2022-00428-COA-R3-CV is attached hereto as *Exhibit 7.*

16. At all times material, Nucsafe and Breton Equity Company were owned by Ted Doukas.

17. At all times material, Athena was owned by Ted Doukas.

18. Nucsafe and Breton Equity Company have failed to make any payments on the Final Judgment entered by the Chancery Court for Anderson County, Tennessee and affirmed by the Court of Appeals of Tennessee.

19. After the Modified and Amended Promissory Note in favor of Richard Seymour was executed on October 30, 2015, Nucsafe transferred the Property to Athena in order to defraud Mr. Seymour and deny him and/or the Estate of Richard Seymour the ability to collect on the Final Judgment that Athena and Mr. Doukas knew would eventually be entered by the Chancery Court for Anderson County, Tennessee.

20. Upon information and belief, no consideration was paid by Athena to Nucsafe for the Property.

21. Alternatively, upon information and belief, Athena paid substantially below fair market value to Nucsafe for its acquisition of the Property.

22. Upon information and belief, Athena currently leases the Property to Rapiscan Systems, Inc. d/b/a AS&E.

23. Upon information and belief, Mr. Doukas is paying himself through the profits of Athena and leasing the Property.

### III. CAUSES OF ACTION

#### COUNT ONE- SUCCESSOR LIABILITY AGAINST ATHENA

24. Plaintiffs re-adopt and re-allege the allegations of the above and foregoing paragraphs.

25. Nucsafe transferred the Property to Athena prior to the balance owed to Mr. Seymour pursuant to Modified and Amended Promissory Note and subsequent addendums/modifications being satisfied and/or paid.

26. The Estate of Richard Seymour has obtained a valid and enforceable Final Judgment against Nucsafe.

27. Upon information and belief, Athena paid no consideration to Nucsafe for its acquisition of the Property.

28. Alternatively, upon information and belief, Athena paid substantially below fair market value to Nucsafe for its acquisition of the Property.

29. Nucsafe and Athena share Mr. Doukas as an owner and/or officer.

30. Mr. Doukas was instrumental in the transfer of the Property from Nucsafe to Athena.

31. Following the transfer of the Property, Nucsafe retained no assets, became insolvent, and went out of business.

32. Following the transfer of the Property, Athena continued Nucsafe's business of owning and operating the Property.

33. Following the transfer of the Property, Nucsafe was left incapable of paying its creditors, including Mr. Seymour and/or the Estate of Richard Seymour, after the transfer of the Property to Athena.

34. In contrast, Athena was able to continue generating profits from leasing the Property with which to pay Mr. Doukas.

35. Athena is the mere continuation of Nucsafe.

36. The operation of Athena constitutes a *de facto* merger with Nucsafe.

37. The transfer of the Property to Athena was entered into fraudulently, in order to escape liability for the obligations of Nucsafe.

38. This fraudulent transaction directly and proximately harmed Richard Seymour and/or the Estate of Richard Seymour and the Estate of Richard Seymour is entitled to a judgment against Athena in an amount to be determined at trial.

## COUNT TWO- FRAUDULENT TRANSFER UNDER UNIFORM FRAUDULENT TRANSFER ACT- ALL DEFENDANTS

39. Plaintiffs re-adopt and re-allege the allegations of the above and foregoing paragraphs.

40. Defendant Athena is the "first transferee of the asset" under the Tennessee Uniform Fraudulent Transfer Act, Tenn. Code Ann. § 66-3-309(b)(1).

41. Defendant Mr. Doukas is the "person for whose benefit the transfer was made" under Tenn. Code Ann. § 66-3-309(b)(1).

42. Nucsafe is a "creditor" under the Tennessee Fraudulent Transfer Act, Tenn. Code § 66-3-302(4).

43. The Estate of Richard Seymour obtained a Final Judgment against Nucsafe for $273,155.28 for damages and attorney's fees.

44. The Final Judgment was affirmed by the Court of Appeals of Tennessee.

45. As a result of Nucsafe transferring the Property to Athena, Nucsafe became insolvent and cannot satisfy the Final Judgment.

46. At the time that the Property was transferred from Nucsafe to Athena, Mr. Seymour was a creditor of Nucsafe.

47. After Nucsafe transferred the Property to Athena, Nucsafe was dissolved.

48. Mr. Doukas and Nucsafe had an actual intent to hinder, delay, and/or defraud Mr. Seymour when they transferred the Property to Athena.

49. The transfer of the Property was to insiders and Mr. Doukas remained in possession and control of the Property.

50. Moreover, Mr. Doukas directly benefitted from lease payments made to Athena that result from the mere continuation of Nucsafe's business under a different name.

51. Mr. Doukas also directly benefits from avoiding payment of the Final Judgment that is due and owing, allowing him to distribute profits to himself that would otherwise be paid to the Estate of Richard Seymour.

52. This fraudulent transfer directly and proximately harmed Richard Seymour and/or the Estate of Richard Seymour and the Estate of Richard Seymour is entitled to a judgment against Athena in an amount to be determined at trial.

## COUNT THREE- CONSTRUCTIVE AND RESULTING TRUST- ALL DEFENDANTS

53. Plaintiffs re-adopt and re-allege the allegations of the above and foregoing paragraphs.

54. By transferring the Property from Nucsafe to Athena to hinder, delay, and/or defraud Mr. Seymour and/or the Estate of Richard Seymour from collecting upon a valid Final Judgment, Defendants have acted in a wrongful and illegal manner.

55. Accordingly, this Court should impose a constructive or resulting trust, in conjunction with the other relief to which Plaintiffs are entitled, allowing Plaintiffs to individually hold the right to the Property and the rental revenue generated by the Property that was wrongfully withheld from Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, and by virtue of the foregoing acts complained of, Plaintiffs pray for judgment against Defendants as follows:

1. That this Complaint be served upon Defendants and that they be required to answer the same;

2. That Plaintiffs be awarded compensatory damages and consequential damages in an amount be proven at trial, but not less than $1,214,198.26, plus interest;

Page 9 of 10

6163509.1
Case 3:23-cv-00214-KAC-JEM    Document 1    Filed 06/20/23    Page 9 of 10    PageID #: 9

3. That the Court impose a constructive or resulting trust allowing Plaintiffs to individually hold the right to the Property and the rental revenue generated by the Property that was wrongfully withheld from Plaintiffs; and

4. That Plaintiffs be awarded their costs, pre-judgment interest, disbursements, and attorneys' fees, together with such other and further relief as this Court may deem just and equitable.

Respectfully submitted this 20th day of June, 2023.

> WOOLF, McCLANE, BRIGHT, ALLEN
> & CARPENTER, PLLC
>
> /s/ C. Gavin Shepherd
> C. Gavin Shepherd (BPR No. 033066)
> Post Office Box 900
> Knoxville, Tennessee 37901-0900
> (865) 215-1000
> gshepherd@wmbac.com
>
> *Attorneys for Stephen Farber and John Maisel, the personal representatives of the Estate of Richard Seymour*