UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STEPHEN FARBER and )
JOHN MAISEL, personal representatives of )
the estate of RICHARD SEYMOUR, )
 )
      Plaintiffs, )
 )
v. ) No. 3:23-CV-214-KAC-JEM
 )
ATHENA OF SC, LLC and )
TED DOUKAS, )
 )
      Defendants. )

**REPORT AND RECOMMENDATION**

    This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

    Now before the Court is the Motion to Strike [Doc. 30], filed by Plaintiffs Stephen Farber and John Maisel, the personal representatives of the Estate of Richard Seymour ("Plaintiffs"). Defendant Ted Doukas ("Defendant Doukas") responded in opposition to the motion [Doc. 32], and Plaintiffs did not reply. The motion is now ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the undersigned **RECOMMENDS** the District Judge **GRANT IN PART AND DENY IN PART** Plaintiffs' Motion to Strike [**Doc. 30**].

**I.    BACKGROUND**

    On October 30, 2015, Richard Seymour ("Mr. Seymour") executed a Modified and Amended Promissory Note ("the Promissory Note") with Nucsafe, Incorporated ("Nucsafe") and Breton Equity Company Corporation ("Breton Equity")—two companies, Plaintiffs contend, owned by Defendant Doukas [Doc. 17 ¶¶ 80–81; Doc. 28 ¶¶ 80–81]—in favor of Mr. Seymour for

$1,748,198.26 plus interest [Doc. 17-1 (Modified and Amended Promissory Note); Doc. 17 ¶ 8]. The Promissory Note was modified four times between February 26, 2016, and September 2, 2016[1] [Docs. 17-3, 17-4, 17-5; Doc. 17 ¶¶ 10–11[2]].

Mr. Seymour claimed that Nucsafe and Breton Equity did not satisfy their obligations under the Promissory Note [Doc. 17 ¶¶ 12–43]. On March 30, 2021, Mr. Seymour sued Nucsafe and Breton Equity for breach of the Promissory Note in the Chancery Court for Anderson County, Tennessee ("Chancery Court") [*Id.* ¶ 44]. While the case was pending, Mr. Seymour passed away and his estate was substituted as his personal representatives [*Id.* ¶ 49; Doc. 28 ¶ 49]. The Chancery Court granted summary judgment in favor of Mr. Seymour and entered a final judgment for $273,155.28—the outstanding balance under the Promissory Note plus attorney's fees—in March 2022 [Doc. 17-6; Doc. 17 ¶ 68]. The Court of Appeals for Tennessee affirmed the judgment in March 2023 [Doc. 17-7; Doc. 17 ¶ 79].

Plaintiffs now assert that Nucsafe and Breton Equity have not made payments pursuant to the judgment [Doc. 17 ¶ 82], yet Defendant Doukas has withdrawn approximately $38,000 in two months from Breton Equity's account [*Id.* ¶¶ 72–77]. Additionally, Plaintiffs maintain that, on and before October 30, 2015, Nucsafe owned property located at 601 Oak Ridge Turnpike in Oak Ridge, Tennessee ("the Property") [*id.* ¶ 7], but conveyed the Property to Athena of SC, LLC ("Defendant Athena") on January 6, 2016 [Doc. 17-2 (Quitclaim Deed for the Property);

---

[1] For purposes of this Order, the Court will refer to the original and all modified versions of the Promissory Note together.

[2] The paragraphs of Plaintiffs' Amended Complaint are misnumbered, with two separate paragraphs numbered 10 [Doc. 17 pp. 4–5]. Here, the Court cites to both paragraphs numbered 10 appearing on page 4.

Doc. 17 ¶ 10]. After conveying the property, Nucsafe became insolvent and incapable of paying its creditors, including Mr. Seymour [Doc. 17 ¶¶ 7, 9, 101].

Plaintiffs filed a Complaint in this Court on June 20, 2023, alleging successor liability against Defendant Athena and fraudulent transfer under the Uniform Fraudulent Transfer Act ("TUFTA") against Defendants Doukas and Athena, and asking the Court to impose a constructive or resulting trust against both Defendants [Doc. 1]. On July 20, 2023, Defendants filed a Motion to Dismiss Plaintiffs' Complaint with Prejudice, asserting that the Complaint failed to state a claim upon which relief can be granted [Doc. 14 p. 1]. Subsequently, Plaintiffs filed an Amended Complaint, dropping their claim against Athena under the TUFTA [Doc. 26]. In light of the Amended Complaint, the Court denied as moot Defendants' motion to dismiss [Doc. 19]. Defendants then filed a Motion to Dismiss related to the Amended Complaint [Doc. 21]. The Court found that Plaintiffs' "Amended Complaint states a plausible claim for violation of the Tennessee Uniform Fraudulent Transfers Act and request for equitable relief in the form of a constructive or resulting trust but fails to state a claim for successor liability" [Doc. 27 p. 1]. Accordingly, "the Court grant[ed] Defendants' Motion to Dismiss [Doc. 21] in part" [Doc. 27 p. 1] and Defendant Doukas filed his Answer to the Amended Complaint [Doc. 28].[3]

Plaintiffs now move under Federal Rule of Civil Procedure 12(f) to strike the following three paragraphs in Defendant Doukas's Answer to Plaintiffs' Amended Complaint:

> 1. The Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

---

[3] As the only claim against Defendant Athena—other than the resulting trust—was dismissed by the Court [*see* Doc. 27], Defendant Athena has filed a Motion for Entry of Final Judgment that is currently pending before the Court [Doc. 35].

3

9. The Plaintiffs' claims are barred as the decedent Richard Seymour perpetrated a fraud on Breton Equity as guarantor by asserting what he knew was a false claim that he was owed money by Nucsafe.

11. The documents upon which the Plaintiffs' claims are based are unenforceable as they were the result of a fraud perpetrated on Breton Equity.

[Doc. 28 pp. 16–17].

## II. STANDARD OF REVIEW

Under Rule 12(f), the court may strike any "redundant, immaterial, impertinent, or scandalous matter," either on its own or upon a party's request. Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, not frequently granted, and considered a drastic remedy. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *see also E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) ("Striking a pleading is considered 'a drastic remedy to be resorted to only when required for the purposes of justice' and it 'should be sparingly used by the courts.'" (quoting *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822)). A party must show that the allegations have "no possible relation to the controversy." *Parlak v. U.S. Immigr. & Customs Enf't*, No. 05-2003, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006) (citation omitted). In other words, courts should grant motions to strike only when "the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *FPM Grp.*, 657 F. Supp. 2d at 966 (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at 650 (2d ed. 1990)).

With respect to motions to strike affirmative defenses, a court may strike an affirmative defense "if it aids in . . . streamlining the litigation[,]" *SEC v. Thorn*, No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002) (citation omitted), or when the defense fails

4

as a matter of law, *CNB Bancshares, Inc. v. Stonecastle Sec. LLC*, No. 3:09-CV-33, 2012 WL 13020054, at *1 (E.D. Tenn. Jan. 30, 2012) (citation omitted). They "are properly granted when plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Mockeridge v. Alcona Cnty.*, 599 F. Supp. 3d 561, 569 (E.D. Mich. 2022) (quoting *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017)). The decision to strike a defense is within the Court's discretion. *Willis v. Phillips*, No. 1:18-CV-142, 2018 WL 5983562, at *1 (E.D. Tenn. Nov. 14, 2018) (citation omitted).

### III. ANALYSIS

Plaintiffs seek to strike the following three affirmative defenses from Defendant's Answer:

1. The Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

9. The Plaintiffs' claims are barred as the decedent Richard Seymour perpetrated a fraud on Breton Equity as guarantor by asserting what he knew was a false claim that he was owed money by Nucsafe.

11. The documents upon which the Plaintiffs' claims are based are unenforceable as they were the result of a fraud perpetrated on Breton Equity.

[Doc. 28 pp. 16–17]. For the reasons explained below, the undersigned recommends the District Judge grant Plaintiffs' request as to paragraph one and deny their requests related to paragraphs nine and eleven.

#### A. Defense One – Failure to State a Claim

Plaintiffs argue that Defendant's affirmative defense in the first paragraph ("Defense One") should be stricken because it is contrary to this Court's previous holding [Doc. 27 p. 1] that Plaintiffs' Amended Complaint states a plausible claim for relief [Doc. 30 p. 1; Doc. 31 pp. 1, 3]. Defendant responded that he had to include Defense One or else it would be waived [Doc. 32

5

pp. 2–3]. He also distinguishes between the Court's finding that Plaintiffs' Complaint states a plausible claim of relief and his defense that Plaintiffs do not have a valid claim of relief [*Id.* at 3].

The Court finds that Defense One has already been addressed by District Judge Katherine A. Crytzer's Order on Defendants' prior Motion to Dismiss. In Defendants' Motion to Dismiss, Defendants argued that Plaintiffs' Complaint failed to state a claim upon which relief can be granted [Doc. 21 p. 1]. The Court denied Defendants' motion in part, finding that Plaintiffs' "Amended Complaint state[d] a plausible claim for violation of the Tennessee Uniform Fraudulent Transfers Act and request for equitable relief in the form of a constructive or resulting trust but fail[ed] to state a claim for successor liability" [Doc. 27 p. 1]. The undersigned, therefore, **RECOMMENDS** the District Judge **STRIKE** Defendant Doukas's Defense One pursuant to Federal Rule of Civil Procedure 12(f). *See Ibrhim v. Abdelhoq*, No. 3:22-CV-01260, 2024 WL 3521842, at *2 (N.D. Ohio July 24, 2024) (holding that "[t]he failure-to-state-a-claim defense fails because the Court previously held Ms. Ibrhim has made out a federal cause of action"); *Martin v. Trott L., P.C.*, 265 F. Supp. 3d 731, 737 (E.D. Mich. 2017) (striking the defendants' affirmative defense of failure to state a claim because "the Court's prior opinion on the defendants' respective motions to dismiss has settled the question whether that pleading adequately alleges plausible claims for relief under the surviving counts").

### B. Defenses Nine and Eleven

Plaintiffs also seek to strike paragraph nine ("Defense Nine") and paragraph eleven ("Defense Eleven"), claiming they are barred under the doctrines of *res judicata* or claim preclusion, law of the case, and collateral estoppel (also known as issue preclusion) [Doc. 31 pp. 5–8] and are not stated with particularity [*Id.* at 8].

6

### 1. Claim and Issue Preclusion

Plaintiffs assert that Defenses Nine and Eleven are barred by the doctrines of *res judicata*, claim preclusion, law of the case, and collateral estoppel [Doc. 31 pp. 5–8]—all of which pertain to a prior litigation between the Plaintiffs in this case—the personal representatives of Mr. Seymour's estate, Stephen Farber and John Maisel—and Breton Equity and Nucsafe in *Farber v. Nucsafe Inc.*, No. E2022-00428-COA-R3-CV, 2023 WL 2519411 (Tenn. Ct. App. Mar. 15, 2023). In that case, the Tennessee Chancery Court found the Promissory Note was enforceable, rejected Defendant Doukas's affidavit asserting he was fraudulently induced into signing the Promissory Note, and held that Plaintiffs are entitled to a judgment because Nucsafe and Breton Equity breached the Promissory Note [*Id.* at 5–7; Doc. 30-1 (Tennessee Court of Appeals Decision in *Farber*, 2023 WL 2519411)]. Plaintiffs argue that Defendant, as the sole shareholder of, and therefore in privity with, Breton Equity, is precluded from asserting these defenses [Doc. 31 p. 5]. Defendant argues Defenses Nine and Eleven should not be stricken because the enforceability of the Promissory Note has not been previously litigated, the Tennessee Chancery Court ruled on summary judgment, and fraud was never at issue in that case [Doc. 32 pp. 3–8].

The Court declines to strike Defenses Nine and Eleven because although Plaintiffs attached the Tennessee Court of Appeals decision, they have not proven that they "would succeed despite any state of the facts which could be proved in support of the defense." *Mockeridge*, 599 F. Supp. 3d at 569 (quoting *Hemlock Semiconductor Operations, LLC*, 867 F.3d at 697). Rather, Plaintiffs contend that they will ultimately be meritorious on the doctrines of *res judicata*, claim preclusion, law of the case, and collateral estoppel [Doc. 31 pp. 5–8]. *See Sizzling Black Rock Steak House Franchising, Inc. v. Harold L. Kestenbaum, PC*, No. 21-CV-11621, 2023 WL 3676941, at *9 (E.D. Mich. May 26, 2023) ("Rather, Plaintiff essentially contends that

7

it will ultimately be meritorious on a statute of limitations defense."). "A review of Plaintiff[s'] motion reveals that [they are] requesting that the Court decide the ultimate merits of Defendants'. . . defense in the context of a motion to strike under Rule 12(f). The Court will not do so." *Id.*; *see also Mockeridge*, 599 F. Supp. 3d at 569 ("[A] motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law." (citation omitted)).

Further, Plaintiffs have not shown prejudice in allowing these affirmative defenses to remain at this early stage of the litigation. The undersigned finds that the applicability, or not, of Defendant's fraud defense "is more appropriately determined on dispositive motion practice, following the close of discovery, not on a motion to strike at this stage of the litigation." *Sizzling Black Rock Steak House*, 2023 WL 3676941, at *9 (citation omitted); *see also Mockeridge*, 599 F. Supp. 3d at 571 ("Even if pled in a boilerplate manner, those defenses raise questions of law or fact that are reasonably pertinent to some or all of Plaintiffs' claims. Such questions should not be resolved on a motion to strike." (citation omitted)); *Martin v. Trott Law, P.C.*, 265 F. Supp. 3d 731, 738 (E.D. Mich. 2017) (declining to strike statute of limitations affirmative defense because "it does not 'appear[ ] to a certainty' that the plaintiffs would succeed in defeating every conceivable nuance of the limitations defense 'despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" (quoting *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)) (alteration in original). Accordingly, the undersigned recommends that the District Judge deny Plaintiffs' request to strike Defenses Nine and Eleven on these grounds.

### 2. Failure to State with Specificity

Plaintiffs also assert that Defenses Nine and Eleven should be stricken because they aver fraud but are not stated with particularity as required under Federal Rule of Civil Procedure 9(b)

[Doc. 31 p. 8]. Defendant argues that he sufficiently pleaded in his Answer that the Promissory Note was the result of fraud because he stated Mr. Seymour asserted a false claim that he was owed money by Nucsafe [Doc. 32 p. 8]. To the extent this statement is insufficient, he argues he may amend his pleading as needed [*Id.* at 9].

The parties do not sufficiently brief whether Rule 9(b) applies to affirmative defenses [*See* Docs. 31 & 32]. The Sixth Circuit Court of Appeals has not addressed the issue and courts within the Sixth Circuit disagree about whether Rule 9(b) applies to affirmative defenses. *Compare Alkathi, Inc. v. PrimeOne Ins. Co.*, No. 20-CV-11452, 2022 WL 332767, at *3 (E.D. Mich. Feb. 3, 2022) (finding "Rule 9(b)'s pleading requirements do not apply to fraud as an affirmative defense" (citation omitted)); *ZMCC Properties, L.L.C. v. Primeone Ins. Co.*, No. 19-12428, 2019 WL 11648517, at *4 (E.D. Mich. Dec. 19, 2019) (finding "[a]pplicable caselaw provides no justification for why Rule 9(b) is needed to assist plaintiffs when confronting affirmative defenses, especially when the assertion of fraud relates to a contract term"); *with Artisan Est. Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, No. 1:19-CV-566, 2022 WL 2915586, at *8 (S.D. Ohio July 25, 2022) ("Courts in this circuit generally agree fraud must be pled with particularity even when presented as an affirmative defense." (citing cases)); *Cool Springs Fin. Grp., LLC v. Albright*, No. 3:19-CV-0964, 2020 WL 13888739, at *6 (M.D. Tenn. Dec. 4, 2020) (applying Rule 9(b) to an affirmative defense); *Bradford Co. v. Afco Mfg.*, No. 1:05–CV–449, 2006 WL 143343, at *5 (S.D. Ohio Jan. 19, 2006) ("On the other hand, Rule 9(b)'s standard for pleading with particularity applies where the affirmative defense deals with fraud and mistake." (citation omitted)). *See also Lyons v. Erie Ins. Co.*, No. 3:19-CV-325, 2021 WL 848173, at *2 (E.D. Tenn. Mar. 5, 2021) ("Finally, while Plaintiffs argue that Defendant did not plead the content of the misrepresentations or the consequences therefore with particularity,

the Court finds that the appropriate course of action is for the parties to proceed with discovery on Defendant's allegations as opposed to striking them under Rule 12(f)." (footnote omitted)). Given this split and the longstanding and clear Sixth Circuit precedent disfavoring motions to strike, along with Defendant's request for leave to amend, the undersigned will assume for purposes of this report and recommendation that Rule 9(b) applies to affirmative defenses.

Rule 9(b) requires a party asserting fraud or mistake to plead the circumstances thereof with particularity. Fed. R. Civ. P. 9(b). "While pleading fraud with particularity 'does not require omniscience,' [Defendant] must nevertheless identify the 'who, what, when, where, and how' of [Plaintiffs'] alleged fraud and do so with sufficient detail to put [Plaintiffs'] on notice as to the nature of the claim." *Bowman v. Dentsply Sirona, Inc.*, No. 1:22-CV-191, 2023 WL 2976179, at *6 (W.D. Mich. Mar. 23, 2023), *report and recommendation adopted*, No. 1:22-CV-191, 2023 WL 2967834 (W.D. Mich. Apr. 17, 2023) (quoting *Artisan Est. Homes, LLC*, 2022 WL 2915586 at *9).

Defendant's assertions of the fraud alleged in paragraphs nine and eleven fall short of this standard. Defendant does not provide Plaintiffs with sufficient notice to adequately respond. After reviewing Defendant's entire pleading, it is unclear whether Defendant is referring to the same alleged fraud in each paragraph, and if not, then to what fraud paragraph eleven refers, whether this fraud(s) is the same as was alleged in the Chancery Court, and when the alleged fraud(s) occurred. "The allegations are conclusory at best and reveal little to no detail surrounding the actual misrepresentations allegedly made." *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 515 (S.D. Ohio 2012). This leaves Plaintiffs without "sufficient notice of the misrepresentation allowing the [Plaintiffs'] to answer, addressing in an informed way [Defendant's] claim of fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993). But the appropriate course of action for

10

such deficiency is not to strike Defenses Nine and Eleven, but afford Defendant with leave to amend. *See Cool Springs Fin. Grp.*, 2020 WL 13888739, at *6 (granting motion to strike affirmative defense "without prejudice to the defendants' reasserting the defense in connection with a motion to amend the Answer"). Accordingly, assuming that Rule 9(b) applies to affirmative defenses, the undersigned recommends that the District Judge grant Defendant leave to amend.

## III. CONCLUSION

For the reasons explained above, the undersigned **RECOMMENDS** that the District Court Judge **GRANT IN PART AND DENY IN PART** Plaintiff's Motion to Strike [**Doc. 30**] and **STRIKE** Defense One in Defendant's Answer [Doc. 28 p. 16] and **GRANT LEAVE TO AMEND** so that Defendant may state the alleged fraud with sufficient particularity.[4]

                                  Respectfully submitted,

                                  Jill E. McCook
                                  United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).