UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEPHEN FARBER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:23-CV-214-KAC-JEM |
| | ) | |
| TED DOUKAS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND PARTIAL JUDGMENT**

This matter is before the Court on Athena of S.C., LLC's Motion "For Entry of Final Judgment" [Doc. 35]. On August 8, 2023, Plaintiffs filed an "Amended Complaint" [Doc. 17]. Plaintiffs asserted one claim for "successor liability," seeking to hold Athena liable for a judgment Plaintiffs obtained against nonparty Nucsafe, Inc. based on a real property transaction Plaintiffs allege occurred between Athena and Nucsafe [Doc. 17 ¶¶ 92-106]. Plaintiffs attached a lien lis pendens to the real property Nucsafe transferred to Athena [*See* Doc. 35-1]. Regarding Defendant Doukas, Plaintiffs allege that financial transfers between another nonparty, Breton Equity, and Defendant Doukas violated the Tennessee Uniform Fraudulent Transfers Act ("TUFTA") [*Id.* ¶¶ 107-121]. Athena and Defendant Doukas moved to dismiss these claims [*See* Doc. 21]. On March 12, 2024, the Court dismissed Plaintiffs' claim against Athena [*See* Doc. 27 at 1, 9]. Subsequently, Athena moved for entry of final judgment under Federal Rule of Civil Procedure 54(b) [Doc. 35].

Rule 54(b) provides that where there are "multiple parties" in an action, the Court "may direct entry of a final judgment as to one or more, but fewer than all" of the parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Proper entry of judgment and certification "is a two-step process." *See, e.g., Rafferty v. Trumbell*

*Cnty.*, 758 F. App'x 425, 428 (6th Cir. 2018) (quotation omitted). ***First***, the Court directs "entry of final judgment as to one or more but fewer than all of the claims or parties." *Id.* (citing *Gavitt v. Born*, 835 F.3d 623, 638 (6th Cir. 2016)). In an action involving multiple parties, 54(b)'s first step requires that a court has adjudicated "all the rights and liabilities of at least one party." *See* Charles Wright, Arthur Miller, and Marry Kane, *10 Fed. Prac. & Proc. Civ. § 2655* (4th ed. 2024).

***Second***, the Court must determine that "there is no just reason for delay." *Rafferty*, 758 F. App'x at 428. In assessing whether there is just reason for delay, the Court considers a nonexhaustive list of factors:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*See Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 638 F. App'x 489, 497 (6th Cir. 2016) (citation omitted).

Here, it is appropriate to enter final judgment now on Plaintiffs' claim against Athena. ***First***, Plaintiffs' Amended Complaint asserted only one (1) claim against Athena, which the Court dismissed because Plaintiffs failed to state a plausible claim [*See* Doc. 17 ¶¶ 92-106; *see also* Doc. 27 at 9]. Therefore, the Court adjudicated all of Athena's "rights and liabilities." *See* Wright, Miller, and Kane, *10 Fed. Prac. & Proc. Civ. § 2655*.

***Second***, there is no just reason for delay. The relationship between Plaintiffs' claim against Athena and their claim against Defendant Doukas is tenuous. Plaintiffs sought to hold Athena liable for a judgment Plaintiffs have against Nucsafe based on a real property transaction that

2

allegedly occurred between Athena and Nucsafe [Doc. 17 ¶¶ 93-106]. Plaintiffs' claim against Defendant Doukas, on the other hand, relates to separate allegedly fraudulent transfers between Defendant Doukas and Breton Equity [*Id.* ¶¶ 107-121]. Plaintiffs' claims against Athena and Defendant Doukas involve different factual premises and legal theories. That is, Plaintiffs sought judgment only against Athena on its successor liability claim, [Doc. 17 ¶ 106], and only against Defendant Doukas on their TUFTA claim, [*id.* ¶ 121; *see also* Doc. 27 at 3 n.2]. While Plaintiffs' note that Defendant Doukas is the "sole member" of Athena, [Doc. 37 at 1], that does not alter the conclusion that Plaintiffs' claims against Athena, as its own legal entity, and Defendant Doukas are "separate and distinct" for Rule 54(b) purposes. *See Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 431 (6th Cir. 2008).

Further, it appears improbable that further developments in this action would moot Plaintiffs' claim against Athena. The only developments that could occur relate to a distinctly separate claim against Defendant Doukas concerning separate monetary transfers with a separate nonparty. Nor does it seem likely that a reviewing court would need to consider the veracity of Plaintiffs' claim against Athena twice. And there is no claim or counterclaim that could set-off the judgment on Plaintiffs' claim against Athena. Plaintiffs assert that Defendant Doukas "has claimed a lien, or set off, on transferred assets" [Doc. 37 at 3 (citing Doc. 28 at 16)]. But this point misconceives the Rule 54(b) inquiry. The 54(b) analysis turns on whether there is a set-off or lien that involves the judgment a party moves for, here Athena moving for final judgment on Plaintiffs' claim against it. Defendant Doukas claiming a lien or set-off of any interest he may have in transfers *from Breton Equity* in the event of a judgment *against him* does not impact final judgment against Athena.

3

Considering miscellaneous factors, Plaintiffs maintain that entering judgment here will cause unnecessary appeal-related expenses that will be "prejudicial given solvency considerations" [Doc. 37 at 3]. But delay may prolong Athena's ability to seek to remove Plaintiffs' lien lis pendens for a claim that the Court dismissed, which may ultimately impact Athena's ability to fully utilize its property [*See* Doc. 36 at 2]. *See Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC*, No. 3:15-CV-547-TAV-DCP, 2019 WL 11705964, at *2-3 (E.D. Tenn. Sept. 19, 2019); *see also Domus Dev. LLC v. Titan Dev. LLC*, 350 F.Supp.3d 683, 687-88 (M.D. Tenn. 2018). On this point, Plaintiffs' claim that Rule 54(b) certification in inappropriate because Athena has an Attorney's Fees lien on the same property misses the mark [*See* Doc. 37-1]. Whether a different lien exists to secure payment of attorney's fees does not impact whether delayed final judgment prevents Athena from moving to dissolve Plaintiffs' lien lis pendens in state court. On balance, no just reason for delay exists.

Accordingly, the Court **GRANTS** Athena's Motion for "Entry of Final Judgment" [Doc. 35]. Because there are no remaining claims against Athena, and the Court makes the express determination that there is no just reason for delay, the Court enters final judgment as to Athena of S.C., LLC under Federal Rule of Civil Procedure 54(b).

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge